IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**JANE ROE,**

      **Plaintiff,**

v.

**MARSHALL UNIVERSITY
BOARD OF GOVERNORS,**

      **Defendant.**

Civ. Action No. 3:22-cv-00532

## COMPLAINT

Plaintiff Jane Roe ("Plaintiff"),[1] for her complaint against Defendant Marshall University Board of Governors alleges, upon information and belief, as follows:

### PRELIMINARY STATEMENT

**1.** For years, Marshall University's Title IX Office has been a disaster—failing both complainants and respondents through a combination of fear, incompetence, bias, and vindictiveness.

**2.** For as long as these matters could be kept quiet, Marshall ignored them. In response to a recent series of high-profile lawsuits and media reports however, Marshall President Brad Smith was forced to issue public statements acknowledging the University's failures, promising to "restructur[e] the Title IX Office," and apologizing to Marshall's students.

**3.** But Marshall's apology comes too late for Jane Roe.

**4.** Earlier this year, twenty-year-old Jane Roe was violently sexually assaulted by her ex-boyfriend John Doe, also a Marshall student, at a Marshall football watch party. Although

---

[1] Plaintiff's motion to proceed anonymously is forthcoming. Counsel for Plaintiff has communicated with Defendants regarding the identify of Plaintiff and other nonparties identified anonymously herein.

Doe was arrested and charged with a crime, Marshall's Title IX Coordinator refused to investigate. Instead, Marshall's Student Conduct Office contacted Roe under the guise of interviewing her as a "witness" to the assault, and then punished *her* for alleged underaged drinking.

5. Indeed, at the same time Marshall shirked its obligation to respond to sexual violence between its students—what President Smith refers to as Marshall's "highest calling"—it decided to punish Jane Roe for truthfully relaying the story of her victimization.

## PARTIES

6. Plaintiff Jane Roe is a female, twenty-year-old junior at Marshall University, and resides in Wayne County, West Virginia.

7. Defendant Marshall University Board of Governors ("Marshall") is the governing body that controls, supervises, and/or manages the affairs of the Marshall University, a West Virginia institution of higher education, and is located in Huntington, West Virginia.

8. Defendant Marshall has an Office of Equity Programs, with a Title IX Coordinator, that is tasked with addressing complaints of sexual violence.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. Venue is proper in this District under 28 U.S.C. § 1391. The defendant is a resident of the State of West Virginia and resides in this District. The events or omissions giving rise to the claims in this case occurred in this District.

## BACKGROUND

11. Plaintiff Jane Roe and John Doe, both Marshall University students, were engaged in a romantic relationship that ended in August of 2022.

12. On September 3, 2022, Plaintiff was watching a Marshall football game at a friend's apartment when John Doe began acting aggressively toward her.

13. John Doe threatened Plaintiff, grabbed her cell phone, demanded her password, read her text messages, and then violently sexually assaulted her.

14. During the assault, John Doe attempted to pull down Plaintiff's pants, put his hands around her neck, choked her, and, when she would not kiss him, bit her lip until it bled profusely.

15. Plaintiff called 911 and reported the assault to the Huntington Police Department.

16. John Doe was arrested by the Huntington Police Department and, upon information and belief, has been charged with a crime.

17. Plaintiff suffered physical injuries from the assault, including bruising on her neck, damage to her throat, and a deep wound on her lip that became infected and required medical treatment.

18. The Huntington Police Department sent its report of the September 3, 2022 incident to Marshall University, which referred the matter to both the Title IX Office and the Office of Student Conduct.

19. On September 7, 2022, Plaintiff received an email from Michaela Arthur, the Assistant Director of Student Conduct at Marshall University, with the subject line "Witness Meeting."

20. The "Witness Meeting" email stated that Arthur had received a report listing Plaintiff "as a witness to a situation on or around September 3, 2022 12:00 AM that may constitute a violation of the Student Code of Conduct," and it set up a Microsoft Teams meeting for Plaintiff and Arthur to discuss the incident on September 13, 2022.

21. Because Arthur's email stated that Plaintiff was a "witness to a situation," Plaintiff reasonably believed Marshall and Arthur were investigating John Doe's sexual assault of Plaintiff.

22. Based on Arthur's characterization of Plaintiff as a witness, Plaintiff spoke with Arthur without counsel or an advisor on two occasions.

23. During those meetings, Plaintiff explained the circumstances of the sexual assault that she suffered at the hands of John Doe.

24. Plaintiff also informed Arthur that Doe had been violent and threatening with her in the past.

25. On no occasion during those meetings did Arthur inform Plaintiff she was investigating anything other than Doe's assault of Plaintiff.

26. Had Plaintiff known that Arthur and Marshall University were trying to penalize her, rather than gain information about the assault she suffered, she would not have talked with Arthur.

27. On no occasion during those meetings did Arthur inform Plaintiff that she was would or could be disciplined as a result of reporting her sexual assault.

28. On no occasion during those meetings did Arthur inform Plaintiff that she was entitled to counsel or an advisor.

29. On October 20, 2022, Plaintiff received an email from Arthur titled "Meeting Scheduled" that set up a Microsoft Teams Meeting for October 24, 2022.

30. Because the email looked the same as the previous email from Arthur, and because Plaintiff reasonably believed Arthur and Marshall were investigating the violent assault she suffered, Plaintiff attended the meeting believing it was simply a follow up of the previous meeting.

31. During the October 24, 2022 Teams Meeting, Arthur informed Plaintiff that Plaintiff was being charged with violating Marshall's policy against underage drinking.

32. During that meeting, Arthur did not inform Plaintiff that she was entitled to an advisor or counsel.

33. Arthur told Plaintiff she could accept a "voluntary resolution" resulting in probation, as long as she agreed to waive her rights to further proceedings.

34. Arthur told Plaintiff most students choose voluntary resolution and pressured her into doing the same.

35. Arthur did not explain the possible repercussions of this voluntary resolution.

36. Due to the pressure she felt from Arthur, Plaintiff accepted voluntary resolution.

37. According to Marshall Student Conduct Procedures, Plaintiff's probationary status results in a "Social Obligation Hold" on her record.

38. This probation record is maintained in the Student Conduct office for a period of seven years.

39. Should Plaintiff seek to apply to other education programs in the future, she will likely be forced to disclose her probation.

40. Not only has Marshall penalized Plaintiff for opening up about the sexual assault she experienced at the hands of another student, Marshall then declined to open a Title IX investigation against her attacker.

41. Marshall's Title IX Office had actual knowledge of John Doe's sexual harassment of the Plaintiff.

42. Despite receiving the police report about the sexual assault, Marshall's Title IX Coordinator Debra Hart failed to conduct the assessment set forth in Marshall University's Title IX Policy.

43. Debra Hart failed to assess Plaintiff's safety and well-being, explain the University and community resources that were available to her, or explain Plaintiff's right to seek informal or formal resolution of a Title IX Complaint.

44. Debra Hart failed to reach out to Plaintiff to assess the extent of John Doe's sexual harassment and violence against Plaintiff.

45. Upon information and belief, Marshall has taken the position that the Title IX Office did not have jurisdiction over the incident solely because it occurred off campus.

46. Prior to filing this Complaint, Plaintiff's counsel contacted Ms. Hart on multiple occasions seeking an explanation for Marshall's inaction and requesting a copy of any records maintained by Marshall in connection with its response to the sexual assault on the Plaintiff. Neither Ms. Hart nor Marshall responded.

47. Plaintiff's attacker is still a student at Marshall University.

48. Plaintiff has suffered severe emotional distress as a result of Marshall's actions and omissions.

## COUNT I

### VIOLATION OF TITLE IX (20 U.S.C. § 1681) – SEX DISCRIMINATION (DELIBERATE INDIFFERENCE)

49. Plaintiff repeats, realleges, and incorporates the allegations in the paragraphs above as though fully set forth herein.

50. Title IX prohibits federally supported educational institutions from practicing discrimination on the basis of sex. *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . .").

51. Marshall receives federal financial assistance.

52. Title IX is enforceable through an implied private right of action. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 703 (1979).

53. The Supreme Court has recognized that an educational institution receiving federal funds "may be liable for subjecting their students to discrimination where the recipient is deliberately indifferent to known acts of student-on-student sexual harassment and the harasser is under the school's disciplinary authority." *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 646–47 (1999)

54. Plaintiff was sexually assaulted, harassed, and discriminated against due to her gender.

55. Plaintiff's harasser, John Doe, is a student under Marshall's disciplinary authority.

56. Despite the fact that John Doe's harassment of Plaintiff on September 3, 2022 took place off campus, Marshall exercised and continues to exercise substantial control over the students and the context in which the harassment occurred.

57. Indeed, Marshall's punishment of Plaintiff for allegedly drinking alcohol when she was assaulted by another Marshall student indicates that Marshall had substantial control and authority over the students and the situation.

58. Marshall University had knowledge of John Doe's harassment of Plaintiff and failed to adequately respond.

59. Indeed, instead of investigating John Doe's sexual assault of Plaintiff, Marshall punished Plaintiff for truthfully reporting her attack.

60. Marshall University's failure to adequately respond was clearly unreasonable in light of the known circumstances.

61. Marshall's actions and failures amount to deliberate indifference toward the unlawful sexual harassment committed upon Plaintiff by John Doe.

62. John Doe's harassment of Plaintiff is sufficiently serious that it is has had, and absent action from the University will continue to have, the systemic effect of denying Plaintiff equal access to her education program. *See Davis*, 526 U.S. at 652.

63. Due to Marshall's wrongful acts, Plaintiff has suffered and continues to suffer damages and injuries, including, but not limited to:

    a. Past and future mental and emotional injuries, including embarrassment, anxiety, depression, stress, humiliation and fear;

    b. Reputational harm;

  c. Losses of educational opportunities and benefits and damage to her pursuit of higher education;

  d. Future financial damages; and

  e. Attorneys' fees, costs, and expenses.

***

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests the following relief:

1. Trial by jury;

2. Judgment against Defendant Marshall for compensatory and consequential damages in an amount to be determined at trial, plus expenses and court costs;

3. Declaratory and injunctive relief against Marshall;

4. Punitive damages;

5. Pre-judgment and post-judgment interest at the maximum allowable rates at law;

6. Reasonable attorney's fees and costs; and

7. Any other relief to which Plaintiff may seek or be entitled to under law or equity.

Dated: November 21, 2022   **PLAINTIFF JANE ROE**,
                 **By Counsel**:

                 /s/  Ryan McCune Donovan
                 Ryan McCune Donovan (WVSB #11660)
                 J. Zak Ritchie (WVSB #11705)
                 Casey E. Waldeck (WVSB #14001)
                 HISSAM FORMAN DONOVAN RITCHIE PLLC
                 P.O. Box 3983
                 Charleston, WV 25339
                 681-265-3802 *office*
                 304-982-8056 *fax*
                 rdonovan@hfdrlaw.com
                 zritchie@hfdrlaw.com
                 cwaldeck@hfdrlaw.com