IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE ROE,

        Plaintiff,

v.                                   CIVIL ACTION NO.   3:22-0532

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Strike Allegations in Complaint. ECF No. 8. For the following reasons, the Motion is **DENIED**.

Plaintiff Jane Roe is a twenty-year-old Marshall University student who alleges she was violently assaulted by a peer. Compl. ¶¶ 6, 12-14, ECF No. 1. Defendant Marshall University Board of Governors ("Marshall") is the governing body which governs Marshall University, a West Virginia institute of higher education located in Huntington, West Virginia. *Id*. ¶ 7. In response to learning of Ms. Roe's assault, the Complaint avers that Marshall instituted disciplinary action against Ms. Roe for underaged drinking and declined to investigate her assailant. *Id*. ¶¶ 31, 40. For a more fulsome explanation of Ms. Roe's allegations, the Court directs interested parties to pursue the Memorandum Opinion and Order denying Marshall's Motion to Dismiss which accompanies the instant Order. Ms. Roe has filed suit in this Court pursuant to Title IX, 20 U.S.C. § 1681, bringing a single-count Complaint alleging Marshall's deliberate indifference regarding its obligation to investigate her sexual assault. *Id*. ¶¶ 49-63.

Apparently scandalized by Ms. Roe's allegations, Marshall filed the instant Motion to Strike four paragraphs of Ms. Roe's sixty-three paragraph Complaint on December 13, 2022. ECF No. 8. Defendant asserts that Ms. Roe's Complaint contains "irrelevant, inadmissible, immaterial, impertinent, and scandalous" allegations. Mem. in Supp. of Mot. to Strike at 2, ECF No. 9. Ms. Roe has filed a three-sentence Response, stating:

> Jane Roe disagrees that any allegations in her Complaint are immaterial or impertinent. She agrees that they are scandalous, but probably not in the way that Marshall intends. Nonetheless, if the Marshall University Board of Governors feels that Jane Roe—a twenty-year-old student asking the University to investigate her sexual assault—has been "cruel" to them, then she sincerely apologizes and does not oppose the motion to strike.

Pl.'s. Resp. to Mot. to Strike, ECF No. 10 (internal citation omitted). Marshall has not replied.

A motion to strike places a "sizable burden on the movant. A motion to strike is a drastic remedy which is disfavored by the courts and infrequently granted." *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) (citations omitted). Nonetheless, at its discretion a court may "strike from a pleading an insufficient defense or any redundant, immaterial, or scandalous matter" either *sua sponte* or "on motion made by a party." Fed. R. Civ. P. 12(f).

The four contested paragraphs are:

1. For years, Marshall University's Title IX Office has been a disaster—failing both complainants and respondents through a combination of fear, incompetence, bias, and vindictiveness.
2. For as long as these matters could be kept quiet, Marshall ignored them. In response to a recent series of high-profile lawsuits and media reports however, Marshall President Brad Smith was forced to issue public statements acknowledging the University's failures, promising to "restructur[e] the Title IX Office," and apologizing to Marshall's students.
3. But Marshall's apology comes too late for Jane Roe.
   . . . .
5. Indeed, at the same time Marshall shirked its obligation to respond to sexual

> violence between its students—what President Smith refers to as Marshall's "highest calling"— it decided to punish Jane Roe for truthfully relaying the story of her victimization.

The Court agrees that these are allegations of scandalous behavior. However, Marshall fails to understand that our legal system allows plaintiffs to bring scandalous allegations, as scandalous events do, in fact, occur. The materiality of the allegations under the Federal Rules of Evidence ("FRE") is irrelevant, as complaints are not subject to the FRE. *See* Mem. in Supp. of Mot. to Strike at 4 (citing FRE 407). As to the "impertinence" of the Complaint—the Court is well-equipped to ensure acknowledgment of its dignity and declines to stoop to find offense.

Marshall primarily contests the Complaint's characterization of President Brad Smith's public statement. Mem. in Supp. of Mot. to Strike at 2-3. Accordingly, Defendant has provided the Court with a copy of Mr. Smith's email in full. *Id*. In the email, Mr. Smith acknowledges a USA Today article outlining Marshall's 2018 Title IX-related failures. The email then states that "Marshall University has no higher calling than to keep its students, faculty, and staff safe." Accordingly, it proceeds to delineate a variety of remedial measures Marshall has undertaken since 2018, including: instituting new Administrative Procedures, restructuring the Title IX Office to hold the Office more accountable, and promising to name a new Title IX Coordinator.

Upon consideration, the Court finds that Ms. Roe's characterization of Mr. Smith's email is not inaccurate. While written in the spirit of zealous advocacy, the Complaint does not misconstrue the import of Mr. Smith's email. Mr. Smith must understand that if he announces that substantial changes to Marshall's Title IX Office and program are being made in response to lawsuits, people will infer that there was a reason such changes occurred. The reassuring rhetoric which Mr. Smith cocoons the announcement within may comfort Marshall's student body, but it does not alter Ms. Roe's allegations.

Finally, the Court notes that as this is not counsels' first, second, or third appearance before this Court representing Marshall on allegations of incompetent administration of Title IX, the University need not act shocked by the allegation that Marshall has continually incompetently administered the program. *See Zulauf v. Marshall Univ. Bd. of Governors*, No. 3:20-0607, 2021 WL 2169516 (S.D.W. Va. May 27, 2021); *Gonzales v. Marshall Univ. Bd. of Governors*, No. 3:18-0235, 2019 WL 3432533 (S.D.W. Va. July 30, 2019); *Klug v. Marshall Univ. Joan C. Edwards Sch. of Medicine*, No. 3:18-0711, 2019 WL 1386403 (S.D.W. Va. Mar. 27, 2019). While Ms. Roe is a young member of a protected class, Marshall University is the State, and is entitled to no protective solicitude of its sensibilities from this Court. The Court is unsure what "combination of fear, incompetence, bias, and vindictiveness" led to the filing of this Motion to Strike, but it does not take kindly to the expenditure of judicial resources.

As an exemplar of brevity in the legal profession, the Court appreciates Ms. Roe's apology. However, the Court feels it was not necessary for "a twenty-year-old student asking the University to investigate her sexual assault" to apologize for citing a public statement made by Marshall. The Motion to Strike is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 5, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE