IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANE ROE,**

    **Plaintiff,**

v.                                         Case No.: 3:22-cv-00532

**MARSHALL UNIVERISTY
BOARD OF GOVERNORS,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER SEALING
DEFENDANT'S MOTIONS FOR PROTECTIVE ORDERS
AND ATTACHED EXHIBITS**

    Pending before the Court is Defendant's Motion to File Under Seal with Incorporated Memorandum, (ECF No. 74), seeking to seal Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad D. Smith and Defendant's Motion for Protective Order Concerning Deposition of Marshall University General Counsel Toney Stroud, along with the attached Exhibits. The Court notes that the Motions for Protective Order contain information that has been designated by the parties to this litigation as "confidential." Due to the confidential nature of this information, and due to the fact that this information is currently being used and disclosed only for purposes of discovery in this action, this Court **GRANTS** Defendant's Motion to File Under Seal and **ORDERS** the Clerk to file Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad D. Smith and attached Exhibits, (ECF No. 74-1 through ECF No. 74-2), and Defendant's Motion for Protective Order Concerning Deposition of Marshall University General Counsel Toney

Stroud and attached Exhibits as sealed. (ECF No. 74-3 through ECF No. 74-5). The Motion itself, (ECF No. 74), should not be sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302.

In this case, Defendant's Motions for Protective Orders and attached Exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the document, but in view of the nature of the information set forth in the documents—which is information disclosed and used in the discovery process and generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Moreover, the information provided in the Motions and attached Exhibits are submitted to the Court for the purpose of resolving a discovery dispute, rather than for disposition of substantive claims in this action. Accordingly, the Court finds that sealing Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad D. Smith and attached Exhibits, and Defendant's Motion for Protective Order Concerning Deposition of Marshall University General Counsel Toney Stroud and attached Exhibits, does not unduly prejudice the public's right to access court documents.

The Clerk is **DIRECTED** to file Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad D. Smith and attached Exhibits, (ECF Nos. 74-1, 74-2), and Defendant's Motion for Protective Order Concerning Deposition of Marshall University General Counsel Toney Stroud, (ECF Nos. 74-3, 74-4, 74-5), under seal.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: December 11, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge