IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANE ROE,**

      **Plaintiff,**

v.                                                                    Case No.: 3:22-cv-00532

**MARSHALL UNIVERISTY**
**BOARD OF GOVERNORS,**

      **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 79). The matter is fully briefed, and the Court held a telephone conference on this motion on January 29, 2024. For the reasons that follow, the Court **GRANTS, in part,** and **DENIES, in part,** the motion.

**I.**     **Relevant Facts**

Plaintiff asserts that Marshall University ("Marshall") discriminated and retaliated against her under Title IX, 20 U.S.C. § 1681, by not investigating her September 3, 2022 sexual assault and instead punished her under the Student Code of Conduct for underage drinking on the night in question. (ECF No. 34). Plaintiff filed a police report with the Huntington Police Department ("HPD"), asserting that John Doe ("Doe"), a fellow Marshall student, sexually assaulted her, and the HPD sent a copy of the police report to Marshall. (*Id*.). According to Plaintiff, Marshall decided within less than 24 hours to close the Title IX investigation into the assault because it occurred at an off-campus apartment, and Marshall determined that it did not have jurisdiction under Title IX. (*Id*.). Michaela

1

Arthur, Assistant Director of Student Conduct ("Arthur"), contacted Plaintiff on September 7, 2022, about Plaintiff being a "witness" to a possible violation of the Student Code of Conduct. (*Id.* at 3-4). Plaintiff related the circumstances of the assault to Arthur and informed her that Doe was previously violent toward her and threatened her. (*Id.* at 4). Arthur informed Plaintiff that she was being charged with underage drinking under the Code of Student Conduct. (*Id.* at 5). Arthur further determined that Doe had attacked Plaintiff and was responsible for relationship violence under the Code of Student Conduct. (*Id.* at 6). As punishment, both Plaintiff and Doe were required to complete an alcohol education course, perform community service, and they were placed on probation until December 12, 2022. (*Id.*). Plaintiff's probationary status was documented in her record, and she had to write a "reflection" letter about her conduct. (*Id.* at 5-6). In Count One of the amended complaint, Plaintiff asserts that Defendant violated Title IX, 20 U.S.C. § 1681, by being deliberately indifferent toward unlawful sexual harassment committed upon her by Doe. (*Id.* at 8-9). In Count Two, she asserts that Defendant unlawfully retaliated against her under Title IX for reporting the sexual assault by punishing her and placing her on academic probation. (*Id.* at 11).

II. **Applicable Law**

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery in this action. It states, in relevant part:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Becton, Dickinson & Co. v. BioMedomics, Inc.*, No. 5:20-CV-536-FL, 2021 WL 3864476, at *3 (E.D.N.C. Aug. 30, 2021) (citations omitted). "Relevance is not, on its own, a high bar." *Ceresini v. Gonzales*, No. 3:21-CV-40 (GROH), 2022 WL 628520, at *3 (N.D.W. Va. Mar. 3, 2022) (citation omitted). As stated in the rule, information "need not be admissible in evidence to be discoverable." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)). "Federal courts have long understood that relevancy for discovery purposes is defined more broadly than relevancy for evidentiary purposes." *Id*.

Even if seeking relevant information, the discovery request must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Although Rule 26(b)(1)'s relevance inquiry does not, itself, pose a 'high bar,' its proportionality requirement mandates consideration of multiple factors in determining whether to allow discovery of even relevant information." *Ceresini*, 2022 WL 628520, at *3. The factors include: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)).

A party dissatisfied with a discovery response or lack of response can move for an order compelling disclosure or discovery after attempting to confer with the party that submitted the response or failed to respond. Fed. R. Civ. P. 37(a). The party resisting discovery, not the party seeking discovery, bears the burden of persuasion. *Jonathan R.*

3

*v. Just.*, No. 3:19-CV-00710, 2023 WL 8629147, at *2 (S.D.W. Va. Dec. 13, 2023); *McEvoy v. Diversified Energy Co. Plc*, No. 5:22CV171, 2023 WL 6192769, at *1 (N.D.W. Va. May 15, 2023); *Fine v. Bowl Am., Inc.*, No. CV SAG-21-1967, 2023 WL 8479250, at *2 (D. Md. Dec. 7, 2023); *Perez v. Huneycutt*, No. 5:22-CV-00120-MR, 2023 WL 8813553, at *2 (W.D.N.C. Dec. 20, 2023); *Doe v. Mast*, No. 3:22CV00049, 2023 WL 8481049, at *2 (W.D. Va. Dec. 7, 2023); *United States v. White*, No. 2:23-CV-00001-BO, 2023 WL 8451744, at *7 (E.D.N.C. Dec. 6, 2023). As such, conclusory and unsubstantiated allegations are simply insufficient to support discovery objections based on the grounds of annoyance, burdensomeness, oppression, or expense. *Id.*

### III. Discussion

Plaintiff's motion to compel concerns discovery requests that she served on September 8, 2023 in advance of the discovery deadline in this matter. (ECF No. 79 at 2). She asserts in this action that Defendant discriminated and retaliated against her under Title IX by failing to investigate her claim of sexual assault by a male student and punishing her under the Code of Student Conduct for admitting to drinking alcohol on the night that she was sexually assaulted. (*Id.* at 1). Defendant's defense to the allegations is essentially that it did not have jurisdiction to investigate Plaintiff's claims under Title IX because the assault occurred off-campus. (*Id.*). To test that defense, Plaintiff requested documents concerning other instances in which Defendant may have asserted jurisdiction over alleged Title IX violations occurring off-campus. (*Id.*).

In response to the motion to compel, Defendant argues that it supplemented its responses after the motion was filed, and it otherwise stands by its objections. (ECF No. 96). Plaintiff argues in reply that the supplementation does not provide any additional documents and fails to provide the information that Defendant promised to supplement

4

in response to Plaintiff's interrogatories. (ECF No. 102). As indicated during the hearing, some, but not all, of the requested information has been provided at this point.

### A. Interrogatory No. 1

> Interrogatory No. 1: Please provide a detailed explanation surrounding the relationship between you and the Huntington Police Department whereby you are notified and/or informed of law enforcement responding to—or investigating, reporting, or otherwise becoming involved with—calls, reports, claims, or incidents involving one or more Marshall students. Include details surrounding any formal or informal agreements or arrangements—prior or existing— between you and HPD such as: the date any such agreement or arrangement was entered; the scope of HPD's notice or reporting obligations (whether voluntary or contractual); a list of each type of document HPD sends and/or receives to/from you; and the purpose surrounding the arrangement(s).

(ECF No. 96-1 at 5). Defendant's only stated objection to this interrogatory was the purported 10-year time frame. (*Id.*). Although the interrogatory itself did not contain any temporal limitation, the parties evidently agree that it was limited to the past 10 years in conformance with other discovery requests. (ECF Nos. 79 at 5, 96-1 at 5).

According to Defendant, the 10-year time frame seeks information that is neither relevant nor proportional to the needs of the case. (ECF No. 96-1 at 5). Defendant nonetheless provided a vague response that, subject to and without waiving its objection, it "sometimes" receives police reports involving current Marshall students from the HPD and other law enforcement agencies for the purpose of exchanging information. (*Id.*). Defendant did not provide copies of its supplemental response(s) but indicates that it has fully supplemented its responses to this and all of the other interrogatories at issue. (ECF No. 96 at 1).

As an initial matter, the practice of providing discovery responses "subject to and without waiving objections" is improper. *Taekman v. Unum Life Ins. Co. of Am.*, No. 1:22CV605, 2023 WL 4763724, at *10 (M.D.N.C. July 26, 2023). Responses that include

5

such a caveat amount to failure to answer because the party fundamentally states, "here is some information, but there could be more that you are not getting." *Id.* (citations omitted). Certain attorneys continue to employ this gamesmanship despite that fact that it invariably causes discovery disputes.

Regarding Interrogatory No. 1, Plaintiff has shown that the information sought is relevant. Defendant was notified of Plaintiff's alleged sexual assault by the HPD. Plaintiff seeks information concerning why and under what circumstances information is relayed from law enforcement to Defendant. (ECF No. 79 at 5). It is unclear from Defendant's responses if information from HPD and other agencies is conveyed only in police reports, as it was in this case, or other documents as well, such as perhaps emails or certain standard forms. The responses likewise are insufficient as to whether there are any sorts of specific arrangements for the agencies to convey information to Defendant and what the scope of the arrangements are if they exist. There appears to be some type of informal agreement in place, but Defendant must clarify its answers and respond with the specific information requested by the interrogatory.

Defendant has not identified, nor established, any substantial burden in answering this interrogatory. In fact, Defendant claims to have already provided all available information. It should not be a huge burden to supplement its response to provide any additional clarification necessary. From a proportionality standpoint, the Court determines that the interrogatory should be limited in scope in the same manner that Plaintiff limited Interrogatory No. 3 to include notifications from law enforcement concerning claims of sexual harassment, sexual assault, domestic misconduct (including domestic violence), and/or stalking. In addition, the scope of the interrogatory should reasonably include notifications regarding underage drinking because Plaintiff claims

that Defendant punished her for underage drinking because she reported sexual assault. Information concerning the reporting relationship between law enforcement and Marshall regarding claims of sexual assault, underage drinking, and the other categories mentioned could reasonably allow Plaintiff to discover how Marshall acted or did not act in response to notifications from law enforcement in comparison to how Plaintiff's case was handled. By contrast, and purely hypothetically speaking, if Defendant has a certain agreement with HPD whereby HPD notifies Marshall when any Marshall student is arrested for drug activity, Defendant need not identify that type of information because it would have such limited potential relevance to this action. Considering the relevance of the information and proportionality to the needs of this case, the Court further limits the temporal scope to five years before Plaintiff's alleged sexual assault.

For those reasons, the Court **GRANTS** the motion to compel concerning Interrogatory No. 1, as limited, to the reporting relationship concerning sexual harassment, sexual assault, domestic misconduct (including domestic violence), stalking, or underage drinking since September 3, 2017. Defendant is **ORDERED** to provide full and complete answers within **fourteen days** of the date of this Order.

### B. Interrogatory No. 2

> Interrogatory No. 2: In the past ten years, how many times have you received notice from HPD of law enforcement investigations involving a Marshall student or Marshall students? Of these instances, how many times has Marshall opened and/or conducted an internal investigation (such as Student Code of Conduct, Title IX, or any other alleged violation of Marshall enforced policy or procedure)?
>
> Please identify the gender of each complainant and respondent to the investigated policy violation and identify the type of investigation that occurred. Example: Investigation X was a [type of investigation] wherein complainant was [gender] and respondent was [gender].

(ECF No. 79 at 5). Defendant adduced the same objections to the 10-year scope of the

7

request and added that it exceeded Marshall's retention policy for certain categories of documents and information. (*Id.*). "Subject to the above objections," Defendant attached documents. (*Id.*).

Again, the Court notes that Defendant's practice of providing information subject to objection is evasive and incomplete. Thus, Defendant must supplement its response to provide necessary clarification. The information sought by this request is relevant for the same reasons as Interrogatory No. 1. Plaintiff seeks to discover information regarding law enforcement notifications that Defendant received and how Defendant responded to them. Defendant has supposedly provided statistical data that identifies the general number of complainants and respondents, but Plaintiff asserts that the statistical data does not correlate the data as requested in the Interrogatory—such as identifying if the complainants/respondents in each investigation were male or female, as requested in the Interrogatory. (ECF No. 102 at 2-3). Defendant must supplement its response to specifically answer the questions asked or point to specific portions of documents that provide the information. From a proportionality standpoint, the Court likewise limits this request to notice from HPD of law enforcement investigations concerning alleged sexual assault or sexual harassment of a Marshall University student or underage drinking for the five-year period before Plaintiff's alleged sexual assault that forms the basis of this lawsuit.

For those reasons, the Court **GRANTS** the motion to compel concerning Interrogatory No. 2 as limited to notifications concerning sexual harassment, sexual assault, domestic misconduct (including domestic violence), stalking, or underage drinking since September 3, 2017. Defendant is **ORDERED** to provide full and complete answers to the Interrogatory within **fourteen days** of the date of this Order.

### *C. Interrogatory No. 3*

> Interrogatory No. 3: In the past ten years, how many suspected calls, reports, claims, or incidents of alleged sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking has Marshall received as a result of communication/correspondence with HPD?

(ECF No. 96-1 at 6). Defendant's response to Interrogatory No. 3 is the same as Interrogatory No. 2 except that Defendant includes that the 10-year time period covers various changes to federal Title IX regulations and the scope of jurisdiction of Title IX complaints. On that point, Plaintiff claims that identifying how and why Defendant's policies on jurisdiction changed is relevant to this lawsuit and has been requested in other discovery requests. Plaintiff is entitled to discover information beyond the 2020 change in Title IX jurisdiction that Defendant repeatedly references. To the Court's knowledge, changes in Title IX regulations did not prevent Defendant from investigating Plaintiff's sexual assault. Defendant argues that it was no longer *required* to do so because the assault occurred off campus. Information that is sought by this interrogatory is relevant as to whether Defendant was misapplying Title IX regulations or ignoring HPD reports, as well as the reasons that it changed its Title IX policies. The Court makes no opinion that any of those possible scenarios are true, but simply to explain why this request falls within the broad scope of relevancy for the purpose of discovery. In terms of proportionality, the interrogatory is sufficiently narrow in subject matter. It is restricted to ten years' worth of specific types of complaints from HPD, which the Court determines is more appropriately limited to five years.

For those reasons, the Court **GRANTS** the motion to compel concerning Interrogatory No. 3, as limited, to responsive information since September 3, 2017. Defendant is **ORDERED** to provide full and complete responses within **fourteen days**

of the date of this Order.

### D. Interrogatory No. 4

Interrogatory No. 4: Of the incidents described in Interrogatory No. 3, how many have you investigated pursuant to Title IX? Include both the number of occurrences and a percentage of how many investigations have occurred in relation to the number of reports. Please include the gender of each alleged victim.

(ECF No. 96-1 at 7). Defendant asserted all of the same objections already discussed, except Defendant added that the terms "victim" and "pursuant to Title IX" are vague and undefined. "Victim" clearly refers to a person that allegedly suffered sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking, as specified in the preceding interrogatory. It is not an ambiguous or confusing term in this context. "[I]nvestigated pursuant to Title IX" should also be clearly understood. In this case, Defendant declined to investigate Plaintiff's alleged sexual assault under Title IX. The Office of Student Conduct, not the Title IX office, handled the matter. Plaintiff is asking for information about alleged sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking that Defendant did investigate under Title IX.. For clarity's sake, the Court **GRANTS** the motion to compel concerning Interrogatory No. 4, as limited, to incidents that Defendant's Title IX office investigated. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

### E. Interrogatory Nos. 5 through 10

Interrogatory No. 5: In the past ten years, of the calls, reports, claims, or incidents of alleged sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking that Marshall has received as a result of communication/correspondence with HPD, how many involved an alleged victim who was a Marshall student?

Interrogatory No. 6: Of the alleged victims identified and referenced in

Interrogatory No. 5, how many have been the subject of an investigation pursuant to a Marshall policy or procedure, other than Title IX?

Interrogatory No. 7: Explain whether an alleged victim of sexual assault, dating violence, or sexual harassment—as identified in Interrogatory No. 5—has been the subject of a Marshall investigation for violation of Marshall's Student Code of Conduct.

Interrogatory No. 8: On how many occasions was the alleged victim, identified within a police report—provided to you by HPD—punished (including by use of a voluntary resolution) by Marshall for violation of Marshall's Student Code of Conduct?

Interrogatory No. 9: On how many occasions has Marshall declined pursing a Title IX investigation where either the complainant or respondent is a Marshall student, but the underlying incident occurred off-campus?

Interrogatory No. 10: On how many occasions where HPD has provided Marshall with notice of potential off-campus sexual assault; sexual harassment; sexual misconduct; domestic misconduct (including domestic violence); or stalking of a Marshall student, has Marshall has declined pursing a Title IX investigation? Provide the gender of the potential complainant for each occurrence.

(ECF No. 96-1 at 7-10). Defendant asserts the same objections to these interrogatories regarding the 10-year timeframe, the fact that Title IX regulations changed in that period, and that the temporal scope exceeds some of Defendant's document retention policies. The Court rejects these arguments for the reasons explained. The only additional objections are that the terms "punished" and "declined" are vague and undefined. (*Id.* at 9, 10). The meaning of both terms are readily apparent from the request, and should be given their common meaning; however, the Court will clarify to avoid any possible confusion. The Court also limits the requests to five years preceding Plaintiff's alleged sexual assault, rather than 10 years. This should obviate Defendant's concerns regarding its seven-year document retention policy for most Student Conduct and Title IX matters. (ECF No. 99-1 at 2).

The Court **GRANTS** the motion to compel concerning Interrogatory Nos. 5

11

through 10 as worded with an additional limitation and clarification as follows: (1) the time period for all requests shall begin on September 3, 2017; (2) the term "victim" means a person that allegedly suffered sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking; (3) "punished" means a person that received any sanction under Defendant's Student Code of Conduct; (4) "declined" means that that matter was not investigated by Defendant's Title IX office; and (5) "Title IX investigation" means an investigation conducted by Defendant's Title IX office. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

### F. *Request for Production of Documents No. 1*

> Request for Production No. 1: Produce all documents, including communication, where Huntington Police Department has notified or informed you of law enforcement responding to—or investigating, reporting, or otherwise becoming involved with—calls, reports, claims, or incidents involving one or more Marshall students. This request is limited to the prior ten years.

(ECF No. 96-1 at 10). Defendant objected to the 10-year time period and added that the request could implicate documents that are protected by the Family Educational Rights and Privacy Act ("FERPA"). Nonetheless, Defendant produced documents with certain information redacted pursuant to FERPA. (*Id.* at 11). It is impossible to discern from Defendant's response whether it has produced all information or withheld some information based on the objections. The Court finds that the request seeks relevant information, but should be limited to five years from a proportionality standpoint. Defendant's FERPA objection can clearly be resolved with appropriate redactions, precisely as Defendant has already done in the documents that it produced.

The Court **GRANTS** the motion to compel concerning Request for Production No.

12

1 for the period beginning on September 3, 2017. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

### G. Requests for Production of Documents No. 2 and 3

> Request for Production No. 2: For every instance where you have received notice from HPD of law enforcement investigations, reports, calls, claims, and or incidents involving a Marshall student, produce all documents reflecting Marshall's decision on whether or not to initiate an internal investigation (such as Student Code of Conduct, Title IX, or any other alleged violation of Marshall enforced policy or procedure).
>
> Request for Production No. 3: Produce the investigative files, including documents pertaining to a decision not to conduct an investigation, for each instance where you have you received notice from HPD of law enforcement investigations, reports, calls, claims, and or incidents involving a Marshall student or Marshall students.

(ECF No. 96-1 at 11-12, 13). Defendant's objections to these requests are the same as Request for Production No. 1, except that Defendant claimed that the requests seek documents that would be covered by the attorney-client privilege and work product doctrine. (*Id.* at 12, 13-14). Defendant has not produced any documents in response to these requests. (ECF No. 102 at 4). The Court restates its foregoing findings regarding the relevance of this information and further finds that the fact that some information may be privileged is not an excuse to disregard the discovery requests. Defendant shall assert any valid claims of privilege and/or work product in a privilege log that complies with the Federal Rules of Civil Procedure. Performing a proportionality analysis, the Court limits the scope of these requests to the types of investigations that are relevant to this lawsuit and a five year timeframe.

For those reasons, the Court **GRANTS** the motion to compel concerning Request for Production Nos. 2 and 3 as limited to notifications concerning sexual harassment, sexual assault, domestic misconduct (including domestic violence), stalking, or underage

13

drinking since September 3, 2017. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

### H. *Request for Production Nos. 4 and 6*

Request for Production No. 4: Produce documents reflecting the calls, reports, claims, or incidents of alleged sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking that Marshall has received as a result of communication/ correspondence with HPD?

Request for Production No. 6: Produce all documents related to any investigation of sexual harassment, sexual assault, domestic misconduct (including domestic violence), and or stalking where the (potential) complainant or respondent was a Marshall student?

(ECF No. 96-1 at 14, 15). Defendant asserted the same objections regarding the 10-year period, FERPA, attorney-client privilege, and work product, and those objections are unsupported for the reasons expressed. (*Id.* at 14-16). Defendant produced some documents in response to Request No. 4, but it has not produced any documents in response to Request No. 6. Defendant must either clarify that it has produced all responsive documents or supplement its responses. For those reasons, the Court **GRANTS** the motion to compel concerning Request for Production Nos. 4 and 6 as limited to the period beginning on September 3, 2017. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

### I. *Request for Production No. 7*

Request for Production No. 7: All documents related to the above interrogatories, including any documents that were reviewed in preparing a response. Please include all internal correspondence; all notice documents sent to the alleged victims, complainants, or respondents; and the outcome of any such investigation.

(ECF No. 96-1 at 16). Defendant again objects to this request based on the 10-year period, FERPA, attorney-client privilege, and work product. (*Id.* at 16-17). Yet, Defendant

produced documents, which it redacted to conform with FERPA. (*Id.* at 17). Defendant shall clarify that it has produced all responsive documents or supplement its response. As with any of the discovery requests, Defendant shall assert any privilege claims in a privilege log and can redact personal identifiers if required by FERPA. The scope of the request shall be limited to five years and the subject matter that is relevant to this lawsuit.

For those reasons, the Court **GRANTS** the motion to compel concerning Request for Production No. 7 as limited to notifications concerning sexual harassment, sexual assault, domestic misconduct (including domestic violence), stalking, or underage drinking on or after September 3, 2017. Defendant is **ORDERED** to provide full and complete responses within **fourteen days** of the date of this Order.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**: January 31, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge

15