IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

JANE ROE,

        Plaintiff,

v.                                    CIVIL ACTION NO.   3:22-0532

MARSHALL UNIVERSITY
BOARD OF GOVERNORS,

        Defendant.

## ORDER

Before the Court is Plaintiff Jane Roe's Motion to Reopen Discovery ("Pl.'s Mot."), *see* ECF No. 118, and Defendant Marshall University Board of Governors' Motion for Summary Judgment, *see* ECF No. 123. The Court **GRANTS** Plaintiff's Motion to Reopen Discovery and **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment.[1]

## BACKGROUND

Jane Roe asserts two Title IX claims against Marshall University Board of Governors. *See* Am. Compl. ¶¶ 62–88. *First*, Roe alleges Marshall displayed deliberate indifference by "fail[ing] to adequately respond" to her sexual assault complaint against another student. *Id.* ¶ 73. *Second*, Roe alleges Marshall discriminated against her by "punish[ing]" her, "plac[ing] [her] on academic probation," and "forc[ing] her to do community service." *Id.* ¶¶ 84–85.

To support these claims, Roe sought to conduct Fed. R. Civ. P. 30(b)(6) depositions and to depose Marshall University President Brad D. Smith. *See* Pl.'s Mot. at 2; ECF No. 119 at 8–9. To

---

[1] The Court also considered Defendant Marshall University Board of Governors' Response in Opposition to Plaintiff's Motion to Reopen Discovery ("Def.'s Resp."), *see* ECF No. 129, and Plaintiff's Reply in Support of Motion to Reopen Discovery ("Pl.'s Reply"), *see* ECF No. 130.

facilitate these requests, the Court set a Scheduling Order. *See* ECF No. 49. Under the Order, the parties agreed to complete depositions by January 12, 2024. *See id.*

On December 13, 2023, Roe provided Marshall University a draft notice of Rule 30(b)(6) topics. *See* Pl.'s Mot. at 2. She requested Marshall University provide deposition dates. *See id.* Twenty-five days later, Marshall responded with objections to the topics. *See id.* In addition, although Marshall designated six individuals for depositions, *see id.* at 3, and agreed to make them available for depositions, they offered no dates, *see id.* at 2. January 12, 2024 came. Discovery closed. No Rule 30(b)(6) depositions took place.

On January 17, 2024, Roe requested a call with Marshall to schedule depositions. *See id.* at 2–3. Marshall responded it would "get back" to her. *Id.* at 3. Marshall kept silent. *See id.*

On January 23, 2024, Roe filed a Notice of Fed. R. Civ. P. 30(b)(6) deposition for February 13, 2024—thirty-two days after discovery closed. *See* ECF No. 112. Marshall has yet to schedule depositions for three of it six designees. *See* Pl.'s Mot. at 3.

On January 31, 2024, the Magistrate Judge issued a Memorandum Opinion & Order regarding the deposition of President Smith. *See* ECF No. 119. The Magistrate Judge explained the "most prudent course" was to hold in abeyance any motions regarding President Smith's deposition "until [Roe] completed the Rule 30(b)(6) deposition." *Id.* at 9.

Roe now seeks a "limited re-opening of discovery" to conduct a Rule 30(b)(6) deposition and possibly depose President Smith. *See* Pl.'s Reply at 1.

## LEGAL STANDARD & ANALYSIS

A Scheduling Order may be modified for good cause and with the judge's consent. *See* Fed. R. Civ. P. 16(b)(4). *See also Vodrey v. Golden*, 864 F.2d 28, 32 (4th Cir. 1988) (explaining district courts have discretion to reopen discovery). Whether "good cause" exists depends on

whether: (1) trial is imminent; (2) the request is opposed; (3) the non-moving party would be prejudiced; (4) the moving party acted diligently during discovery; (5) the foreseeability of the request; and (6) the new evidence sought would be relevant to the moving party's case. *See Citynet, LLC on behalf of United States v. Frontier W. Va., Inc.*, 2022 WL 2376638, at *3 (S.D. W. Va. Jun. 30, 2022). Weighing these factors, the Court holds good cause exists to reopen discovery.

*First*, trial is not imminent. Trial is set for June 11, 2024—four months away. *See* ECF No. 49. A limited reopening period would not interfere with this date.

*Second*, although Marshall opposes Roe's request, *see* Def.'s Mot. at 16, its opposition is new, *see id.* at 7. Marshall admits it "suggested" an extension of discovery on "multiple occasions." *Id.* (listing several requests in January 2024). It appears Marshall changed its tune when Roe sought a more limited discovery period. *See id.* at 7 (explaining Marshall wanted a "blanket" extension of discovery to complete Rule 30(b)(6) depositions and "additional needed discovery").

*Third*, Marshall would not be prejudiced by reopening discovery to complete Rule 30(b)(6) depositions. Marshall stresses it already filed its motion for summary judgment. *See* Def.'s Mot. at 11. But both parties—including Marshall—remain free to amend or resubmit dispositive motions following a limited reopened discovery period.

Furthermore, on January 8, 2024, Marshall assured Roe it would make Rule 30(b)(6) deponents available. *See* Pl.'s Mot. at 2, 4. Ten days later, Marshall reaffirmed this commitment. *See id.* at 3. It is not prejudicial to expect Marshall to keep its word.

*Fourth*, Roe acted diligently requesting Rule 30(b)(6) depositions. She sent her initial deposition request a month before discovery closed. *See* Pl.'s Mot. at 2. Throughout this dispute, Roe continued to communicate with Marshall to schedule hearings expeditiously. *See id.* The Court expects this alacrity to continue.

*Fifth*, reopening discovery in these circumstances is foreseeable. Both parties contemplated some form of extension before discovery closed. *See* Pl.'s Mot. at 2–3; Def.'s Mot. at 7. Moreover, the Magistrate Judge requested the parties seek an extension of discovery before ruling on any motions regarding deposing President Smith. *See* ECF No. 119 at 10.

*Finally*, Roe wants to use Rule 30(b)(6) depositions to learn about the relationship between the Huntington Police Department, Marshall's Title IX policies, Marshall's Title IX task force, and Marshall's Office of Student Conduct. *See* Pl.'s Mot. at 4. These topics relate to Roe's Title IX deliberate indifference and gender discrimination claims.

\* \* \*

In sum, good cause exists to reopen discovery for a limited purpose and period. Accordingly, the Court **GRANTS** Plaintiff's Motion to Reopen Discovery and **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment.

The Court **DIRECTS** Marshall to designate Rule 30(b)(6) representatives by **Friday, February 16, 2024.**

The Court **FURTHER DIRECTS** the parties to complete Rule 30(b)(6) depositions by **Friday, March 1, 2024**. Roe shall then *promptly* inform the Magistrate Judge whether she still requires President Smith's deposition. If the Magistrate Judge allows the deposition, the parties will schedule and complete the deposition *expeditiously.*

The Court **FURTHER DIRECTS** the parties to file all dispositive motions by **Monday, April 1, 2024**. Any responses shall be filed by **Monday, April 15, 2024**. Any replies shall be filed by **Monday, April 22, 2024**. If not filed electronically, a copy of any motion, supporting memoranda, responses, and replies, together with documents or materials in support, shall be delivered to the undersigned at the time of filing. If filed electronically, a hard copy of any motion,

supporting memorandum, response, or reply, together with documents or materials in support, exceeding fifty (50) pages in length shall be submitted to the undersigned at the time of filing.

The Court **FURTHER DIRECTS** that no later than **Monday, May 1, 2024**, counsel and any unrepresented parties shall meet to conduct settlement negotiations. Lead trial counsel for the plaintiff shall take the initiative in scheduling the meeting; all other counsel shall cooperate in the effort to achieve a successful negotiation and settlement. The parties must be prepared at the pretrial conference to certify that they tried to settle the case. If the case is not settled at the meeting and if there is no order or stipulation to the contrary, counsel and unrepresented parties shall make all Fed. R. Civ. P. 26(a)(3) disclosures at the settlement meeting.

        ENTER:     February 9, 2024

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE