IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JANE ROE,

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　Case No.: 3:22-cv-00532

MARSHALL UNIVERISTY
BOARD OF GOVERNORS,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Marshall University Board of Governors' Motion to Compel Independent Psychological Evaluation of Plaintiff. (ECF No. 82). For the reasons that follow, the Court **DENIES** the motion.

**I.**　　**Relevant Facts and Procedural History**

Plaintiff asserts in this action that she was sexually assaulted by a fellow Marshall University student at a friend's apartment on September 3, 2022. (ECF No. 34 at 1, 3). Plaintiff alleges that, instead of Defendant investigating and addressing the sexual assault under Title IX, 20 U.S.C. § 1681, she was punished under the Student Code of Conduct for drinking alcohol on the night of the assault. She contends that, under Title IX, Defendant was deliberately indifferent toward unlawful sexual harassment committed upon her and retaliated against her for reporting the sexual assault. (*Id.* at 8-9, 11). In her amended complaint, Plaintiff alleged that she suffered from "severe emotional distress" as a result of Defendant's actions. (*Id.* at 8). She identified her damages as "past and future mental and emotional injuries, including

1

embarrassment, anxiety, depression, stress, humiliation and fear; reputational harm; losses of educational opportunities and benefits and damage to her pursuit of higher education; future financial damages; and attorneys' fees, costs, and expenses. (*Id.* at 9-10); *see also* (*Id.* at 11).

On September 28, 2023, the Court issued a modified scheduling order in this case upon the parties' consent motion. (ECF Nos. 48, 49). The deadlines for expert disclosures required by Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure were extended to November 13, 2023 for Plaintiff and December 15, 2023 for Defendant. (ECF No. 49 at 1). Plaintiff did not disclose any experts on the issue of her emotional damages. On November 30, 2023 and again on December 7, 2023, Defendant asked Plaintiff to submit to an independent psychological evaluation ("IPE) under Rule 35 of the Federal Rules of Civil Procedure ("Rule 35") to occur on December 12 and 13, 2023. (ECF Nos. 82-3, 82-4). On December 8, 2023, Plaintiff responded that she objected to a multi-day examination based on her garden variety emotional distress claim. (ECF No. 82-5). She stated that Defendant would need to file a motion under Rule 35 if Defendant insisted on a psychological examination. (*Id.*).

On December 15, 2023, Defendant filed its Rule 26(a)(2)(A) disclosure, identifying David Clayman, Ph.D., a clinical and forensic psychologist, as an expert witness regarding Plaintiff's mental health. (ECF Nos. 81, 82 at 7 n.1, 82-2). Defendant contemporaneously filed the present motion asking the Court to compel an IPE of Plaintiff. (ECF No. 82). Defendant asserts that Plaintiff placed her mental state in controversy by alleging emotional injuries and damages in her amended complaint and by stating in her discovery responses that Defendant's actions worsened her prior symptoms of post-traumatic stress disorder, anxiety, and depression. (*Id.* at 5-6).

2

Defendant contends that good cause exists for the IPE to determine the nature and extent of the alleged exacerbation of Plaintiff's emotional and mental issues. (*Id.* at 6).

In response to Defendant's motion, Plaintiff asserts that she has decided not to submit expert testimony in support of her emotional damages claim because litigating this case for more than one year in federal court has only worsened the emotional harm that she suffered. (ECF No. 93 at 2). She states that she has decided to forgo potential compensation and limit her claims to "garden variety" emotional distress to avoid further trauma. (*Id.*). Plaintiff argues that Defendant's Rule 35 motion is untimely because the examination is sought for the purpose of developing or supplementing an expert opinion, which is subject to the Rule 26(a)(2) deadline. (*Id.* at 3). Plaintiff notes that Defendant did not even move for permission to conduct the examination until the day that its expert report was due; thus, any report that would result from the examination would necessarily be untimely. (*Id.*). Plaintiff cites that Defendant does not offer any excusable neglect for extending its expert disclosure deadline, and allowing Defendant to conduct the examination would prejudice Plaintiff by requiring her to submit to a lengthy examination, which would likely lead to additional discovery beyond the Court's discovery deadline. (*Id.* at 3-4). Further, Plaintiff cites that an IPE is not appropriate when the emotional damages claimed are "garden variety" emotional distress. (*Id.* at 4). She indicates that she will only ask the jury to award damages for the anxiety, anger, and frustration that she experienced when Defendant refused to investigate her sexual assault and punished her for drinking on the night that she was assaulted. (*Id.*). She indicates that the jury does not require any help understanding the ordinary grief, anxiety, anger, and frustration that a person feels when something bad occurs. (*Id.*). In that case, the benefit of a mental examination is minimal whereas

3

the intrusion attendant to the examination if substantial. (*Id.*).

In reply, Defendant disputes that the proposed Rule 35 examination is governed by the expert deadline. (ECF No. 98 at 1-2). Defendant states that it, nonetheless, requested the psychological examination before the deadline, and Plaintiff is responsible for any delay because she refused to submit to the examination. (*Id.* at 2). Defendant also disagrees that Plaintiff alleges only "garden variety" emotional distress claims, as shown by her statements in the amended complaint, discovery responses, and deposition testimony that she suffered severe emotional distress, including exacerbation of her mental health conditions. (*Id.* at 3-5).

The undersigned held a telephonic motion hearing on January 29, 2024. Plaintiff again emphasized that she only sought "garden variety" emotional distress damages in this action. (ECF No. 117). According to her counsel, Plaintiff would rather abandon her claims of severe mental distress and exacerbation of underlying mental health conditions than submit to a lengthy and intrusive mental health examination. For that reason, Plaintiff did not offer any expert to establish her severe emotional distress. The undersigned instructed the parties to discuss whether a stipulation regarding Plaintiff's claimed damages would obviate the need for an IPE. The parties exchanged proposed stipulations, which were provided to the undersigned via electronic mail. Plaintiff offered a stipulation which specifies that she limits her emotional damages to those which are available for "garden variety" emotional distress, and, at trial, she would ask the jury to award damages for the ordinary grief, anxiety, anger, and frustration that any person feels when something bad happens. In response, Defendant offered a counter stipulation, which included the statements expressed by Plaintiff but also numerous other extraneous stipulations, such as listing

4

in detail Plaintiff's prior mental health conditions and medications and stating that Plaintiff did not suffer any past or future economic damages as a result of Defendant's conduct. Plaintiff expressed to the Court that she is prepared to file a unilateral stipulation to seek only "garden variety" emotional distress damages. The undersigned held another telephonic hearing on February 14, 2024, noting that in light of the timing of Defendant's request and Plaintiff's proposed stipulation, the motion to conduct an IPE was denied.

## II. Discussion

Fed. R. Civ. P. 35 allows the court where an action is pending to order a party "whose mental or physical condition [...] is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." The order may only issue on a motion for good cause and on adequate notice to all parties. While Rule 35 is included in the section of the civil rules pertaining to disclosures and discovery, the Rule itself does not include any guidance as to when in the discovery process an examination must be completed, or an examiner's report produced.

Federal courts have not agreed on whether Rule 26 and Rule 35 are intended to be read independently or in conjunction with each other. *See Manni v. City of San Diego,* Case No. 11-cv-0435-W (DHB), 2012 WL 6025783, at *3 (S.D. Cal. Dec. 4, 2012) (collecting cases). If read together, reports issued under Rule 35 are subject to Rule 26(a)(2)'s disclosure requirements. This position has been taken on more than one occasion by courts in this district; most recently, in *Gonzales v. Marshall Univ. Bd. of Governors*, No. 3:18-CV-00235, 2019 WL 1560887, at *1 (S.D.W. Va. Apr. 10, 2019); *see also Stratford v. Brown*, No. 2:17-CV-03963, 2018 WL 4623656, at *3 (S.D.W. Va. Sept. 26, 2018) ("As a preliminary matter, the Court is persuaded that Rules 26 and 35

5

act in tandem when determining whether to permit a Rule 35 examination requiring subsequent disclosure of the related report."); *Zumstein v. Boston Scientific Corp,* No. 2:13-cv-02344, 2014 WL 7236406, at *3 (S.D.W. Va. Dec. 17, 2014); *Shumaker v. West,* 196 F.R.D. 454, 456 (S.D.W. Va. 2000). However, even when courts have found a clear distinction between Rule 26 and Rule 35, such that "a Rule 35 exam does not necessarily have to be requested prior to expiration of the expert disclosure and discovery deadline … the distinction evaporates when the moving party attempts to use the Rule 35 examiner and Rule 35 report in the place of a Rule 26(a)(2) expert and expert report." *Perez v. Viens,* Case No. 4:09-cv-3206, 2011 WL 855673, at *3 (D. Neb. Mar. 8, 2011) (citations omitted); *Cherryholmes v. Centers for Advanced Orthopaedics, LLC,* No. TDC-18-3541, 2019 WL 13225410, at *3 (D. Md. Aug. 20, 2019) (collecting cases which explain that a Rule 35 request must be coordinated with the Rule 26(a)(2) deadline); *Gibson v. Jensen*, No. 8:16CV296, 2017 WL 2982952, at *2–3 (D. Neb. July 12, 2017) ("[W]hen a Rule 35 examination is used to supplement or inform an expert's opinions for use at trial, the difference between the reports disappears, or begins to, and the court becomes more reluctant to allow a Rule 35 examination for the purpose of bolstering an expert's opinions out of time."). In other words, when the independent medical examination is performed for the purpose of providing, developing, or supplementing expert opinions, then courts tend to agree that the witness and report are subject to the Rule 26(a)(2) deadlines. *Gonzales*, 2019 WL 1560887, at *1.

In this case, an amended scheduling order was entered on September 28, 2023, which allowed Defendant through and including December 15, 2023 in which to make expert disclosures under Fed. R. Civ. P. 26(a)(2)(A). (ECF No. 49 at 1). The parties were

given until November 27, 2023 to complete discovery requests and until January 12, 2024 to conduct depositions. January 12, 2024 was also the discovery deadline. (*Id.*). All disclosures required by Fed. R. Civ. P. 26(a)(1) and (2) were required to be completed by the discovery deadline. (*Id.*). The scheduling order was modified, in part, on February 9, 2024, extending the deadline for Plaintiff to conduct a Fed. R. Civ. P. 30(b)(6) deposition of Defendant, and possibly to allow a future deposition of Defendant's University President, Brad Smith. (ECF No. 132 at 4). Notably, the deadlines for submitting expert disclosures and for serving discovery requests have **not** been extended.

On November 30, 2023 and again on December 7, 2023, Defendant asked to conduct an IPE of Plaintiff on December 12 and 13, 2023. (ECF Nos. 82-3, 82-4). Plaintiff responded that she objected to a multi-day examination based on her garden variety emotional distress claim. (ECF No. 82-5). She stated that Defendant would need to file a motion under Fed. R. Civ. P 35 if Defendant insisted on an examination. (*Id.*). On December 15, 2023, Defendant filed its Rule 26(a)(2)(A) disclosure, identifying clinical and forensic psychologist Dr. Clayman as an expert witness regarding Plaintiff's mental health. (ECF Nos. 81, 82 at 7 n.1, 82-2). On the same date, Defendant filed the instant motion, seeking to compel an IPE of Plaintiff by Dr. Clayman. (ECF No. 82). Defendant intends to supplement its expert disclosure with a report from Dr. Clayman based on the results of the IPE. (ECF No. 82 at 7 n.1).

As an initial matter, Defendant's motion to compel an IPE was filed on its expert disclosure deadline, December 15, 2023. Thus, any report obtained through the IPE would necessarily be late. The IPE is for the stated purpose of supplementing Defendant's expert disclosure of Dr. Clayman. (ECF No. 82 at 7 n.1). Therefore, it is

7

indisputable that the expert disclosure deadlines apply to the proposed Rule 35 examination. Furthermore, Defendant's motion to compel an IPE was filed only 28 days before the discovery deadline. Defendant's reasoning for the belated IPE appears to be that it first requested the IPE on November 30, 2023, shortly before the expert disclosure deadline. (ECF No. 82 at 3-4). However, Defendant has offered no explanation as to why it did not seek an IPE or file the motion to compel an IPE earlier. This case was filed on November 21, 2022. (ECF No. 1). Defendant did not even request an IPE for over one year after the action was initiated, although Defendant knew of Plaintiff's alleged emotional damages from her initial complaint. (*Id.*). Plaintiff expounded upon her alleged damages in her discovery responses filed on September 8, 2023. (ECF Nos. 43, 82-1 at 2-3). Yet, Defendant still did not request an IPE for months after receiving those responses. Defendant claims that it continued to receive medical and psychological records in the interim that were relevant to the IPE and asked for the IPE only two days after Plaintiff's deposition. (ECF No. 98 at 2-3). However, none of these justifications are persuasive. Defendant does not explain how the medical records that it received were necessary to request an IPE or why it waited until November 30, 2023, more than one year after the case was filed and nearly at the close of discovery, to take Plaintiff's deposition. Even considering scheduling delays and other issues, Defendant offers only excuses, rather than any sort of reasonable justification, for allowing an IPE after the expert deadlines.

In order to grant Defendant's motion, deadlines in the scheduling order that have already passed would have to be extended. To justify the extension of a past deadline, Defendant must show "excusable neglect." *Stratford,* 2018 WL 4623656, at *3 (holding that Rule 16(b) requires good cause to amend a scheduling order;

8

"[a]dditonally, when a motion to modify a deadline is filed after the deadline's passage, the party also must establish "excusable neglect."). Excusable neglect is difficult to establish, depending upon a review of all relevant factors, with "the reason for the delay, including whether it was within the reasonable control of the movant" carrying the most significance. *Id.* at \*2 (quoting *Thompson v. E.I. DuPont Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996)).

When conducting the requisite analysis, the undersigned finds that Defendant fails to demonstrate excusable neglect. As stated, Defendant supplies no rationale whatsoever for allowing the matter to sit, gathering dust, for many months. As Plaintiff points out, the discovery sought by Defendant is likely to lead to additional discovery. (ECF No. 93 at 4); *Stratford,* 2018 WL 4623656, at \*3 (noting that "there is a ripple effect necessarily caused by a Rule 35 examination ordered after Rule 26 disclosure deadlines."). At the very least, Plaintiff will want an opportunity to respond to or refute the outcome of the examination, which may result in further extensions of pretrial deadlines. Here, the dispositive motions deadline of April 1, 2024 is quickly approaching. (ECF No. 132 at 4). Taking into account all of the circumstances, the Court concludes that Defendant has not been diligent in pursuing an IPE and thus has failed to provide reasonable grounds to accommodate such a request at this late date.

Notwithstanding the issue of timing, the undersigned concludes that Defendant does not establish good cause for an IPE under Rule 35. In order for the Court to order Plaintiff to submit to an IPE, her mental condition must be in controversy and Defendant must show good cause for the examination. Fed. R. Civ. P. 35(a)(1) and (a)(2)(A). "Unlike other tools of discovery, physical and mental examinations require more than a showing of mere relevance." *Drolett v. Robinson*, No. 1:20 CV 213 MR

9

WCM, 2021 WL 6072619, at *2 (W.D.N.C. Dec. 23, 2021) (citations omitted). "[T]he invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate." *Jones v. Campbell Univ., Inc.*, No. 5:20-CV-29-BO, 2020 WL 4451173, at *4 (E.D.N.C. Aug. 3, 2020) (quoting *Guilford Nat. Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962)). For instance, courts have found good cause for an examination when it is needed in order to defend against the claim, necessary to provide a counter-expert opinion in response to the expert opinions offered by the plaintiff's health care providers, or where the average lay person would have difficulty evaluating the nature, extent, and cause of the plaintiff's injuries. *Id.* (citations omitted); *E.E.O.C. v. Maha Prabhu, Inc.*, No. 3:07-CV-111-RJC, 2008 WL 2559417, at *2 (W.D.N.C. June 23, 2008). None of those circumstances exist in this case as explained below.

To find good cause for an IPE, courts often consider if one or more of the following factors is present:

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Rule 35.

*Meyler v. Town of Ocean City,* No. JKB-23-00082, 2023 WL 5984406, at *7 (D. Md. Sept. 14, 2023) (quoting *Ricks v. Abbott Labs.*, 198 F.R.D. 647, 648–49 (D. Md. 2001)). Here, Plaintiff has not asserted a cause of action for intentional or negligent infliction of emotional distress. She has not disclosed a psychological expert or supplied an expert report to support an allegation of severe mental or psychiatric injury. Plaintiff

10

has expressly abandoned her demand for damages based upon ***severe*** mental anguish and psychic distress primarily to avoid the emotional trauma of submitting to an IPE. (ECF No. 93 at 2). Plaintiff has offered to stipulate that she will limit her mental injury claim at trial to "garden variety" emotional distress, which she defines as the ordinary grief, anxiety, anger, and frustration that a person feels when something bad happens. *See Eller v. Prince George's Cnty. Pub. Sch.*, No. CV TDC-18-3649, 2019 WL 13108488, at *1 (D. Md. Oct. 18, 2019) She does not concede that her mental health is in controversy.

"The majority of courts have held that plaintiffs do not place their mental condition in controversy merely by claiming damages for mental anguish or 'garden variety' emotional distress." *Boone v. Saginaw Health Clinic, PLLC,* No. , 2021 WL 3771872, at *3 (E.D. Mich. Aug. 25, 2021) (citations omitted); *also Meyler*, 2023 WL 5984406, at *7 ("The fact that a plaintiff has alleged mental or emotional injury as part of their damages claim does not automatically mean that their mental condition is 'in controversy' for the purposes of Rule 35.") (citation omitted); *Maha Prabhu, Inc.*, 2008 WL 2559417, at *3 (holding that "[a] claimant's medical condition is not necessarily placed in controversy simply by the language of the pleadings. Rather, a court must find that the condition rises above the level of 'garden-variety' emotional distress."). "[M]any Rule 35 decisions have turned on whether 'significant emotional harm is alleged or the mental condition is at the heart of the litigation, … [or whether the] claim [is] for 'garden-variety' emotional distress damages.'" *Lewis v. CoreCivic of Tennessee, LLC*, No. 21-CV-01385-JAH-BGS, 2023 WL 3806355, at *2 (S.D. Cal. June 2, 2023) (quoting *Ruhlmann v. Ulster Cty. Dept. of Social Servs*, 194 F.R.D. 445, 449 (N.D.N.Y. 2000). Plaintiff's decision to disavow her previous claim of severe emotional

11

distress and exacerbation of underlying mental health conditions removes any good cause that existed to justify an extensive psychological examination of Plaintiff. Plaintiff's unilateral stipulation and a motion *in limine* to exclude evidence of severe mental injury should remove any lingering concerns expressed by Defendant. Consequently, the request for an IPE is not supportable.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** February 21, 2024

Cheryl A. Eifert
United States Magistrate Judge