IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANE ROE,**

      **Plaintiff,**

v.                                           **Case No.: 3:22-cv-00532**

**MARSHALL UNIVERISTY
BOARD OF GOVERNORS,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel. (ECF No. 131). The motion is **DENIED** for the following reasons.

### I.  Relevant Procedural History

Plaintiff asserts in her amended complaint that Marshall University discriminated and retaliated against her under Title IX, 20 U.S.C. § 1681, by not investigating her September 3, 2022 sexual assault and instead punishing her under the Student Code of Conduct for underage drinking on the night in question. (ECF No. 34). On September 28, 2023, the Court entered an amended scheduling order, which provided that "the parties shall complete all discovery requests by November 27, 2023." (ECF No. 49 at 1). On that deadline, November 27, 2023, Plaintiff served via email to Defendant's attorneys her second set of interrogatories and third set of requests for production of documents. (ECF No. 72). On December 27, 2023, Defendant served by mail its objections to the discovery requests, including an overarching objection that the requests were not properly served because service by email was not permitted under

1

Rule 5(b)(2) of the Federal Rules of Civil Procedure unless the receiving party consented to it in writing, and there was no such consent in this case. (ECF No. 131-1).

The parties conferred regarding the dispute and stipulated to extend the deadline for Plaintiff to file the instant motion to compel to February 9, 2024. (ECF No. 114). After the parties' efforts to resolve the dispute were unsuccessful, Plaintiff filed the motion on the agreed upon deadline. (ECF No. 131). Defendant filed a response in opposition to which Plaintiff filed a reply. (ECF Nos. 152, 154).

## II.  Discussion

Federal Rule of Civil Procedure 5, which governs the service of documents in civil litigation, sets forth six specific ways in which a party can properly serve papers on other parties. Fed. R. Civ. P. 5(b)(2). Of relevance here, the Rule provides that service can be effected by sending the document to a registered user through the court's electronic-filing system, or "sending it by other electronic means that the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E).  There is no dispute that Plaintiff served discovery requests on Defendant by email, without first having obtained Defendant's written consent to that manner of service. Plaintiff argues that Defendant is estopped from objecting to email service of her discovery requests, because Defendant itself served and received responses to discovery by email. (ECF No. 154); *see* (ECF No. 154-1). However, the advisory committee notes to Rule 5, as well as most case law, reject Plaintiff's argument.

The advisory committee notes clearly state that service by electronic means other than the court's electronic-filing system is only proper when written consent is obtained, and "[t]he consent must be express, and cannot be implied from conduct." *See* Fed. R. Civ. P. 5(b) advisory committee's note to 2001 amendment. While this note adds that

consent is required because the committee cannot "assume universal entry into the world of electronic communication"—a reason that no longer makes sense given the proliferation of electronic mail—the committee had an opportunity to remove the consent requirement in 2018, but chose not to do so. *See* Fed. R. Civ. P. 5(b) advisory committee's note to 2018 amendment. Accordingly, express written consent to service by "other electronic means" is required before service can be effected in that manner. Case law chiefly supports this conclusion. *White v. Vance Cnty., N. Carolina*, No. 5:19-CV-00467-BO, 2020 WL 6335958, at *1 (E.D.N.C. Oct. 23, 2020) ("The rule is clear. To properly serve someone by email, the intended recipient must first consent to be served in that manner. Defense counsel has not consented to be served by email, so Plaintiff's counsel's attempts at service in that manner are insufficient."); *Radford v. Hospital Housekeeping Systems, LLC,* No. 4:20-4354-SAL-SVH, 2022 WL 4180450, at * 5 (D.S.C. Jul. 8, 2022) (holding that unanswered requests for admission were not deemed admitted, because they were served by email without written consent); *QuarterNorth Energy, LLC v. Crescent Midstream, LLC,* No. 22-1211, 2023 WL 5275222, at *2 (E.D. La. Aug. 16, 2023) (holding that, absent evidence of written consent to service by email, service was not completed when requests for admission were emailed); *Evans v. Krook*, No. 20-CV-2474 (MJD/ECW), 2022 WL 17176186, at *8 (D. Minn. Nov. 23, 2022) (noting that numerous courts have rejected the argument that the course of dealings between the parties can imply consent to service by email); *Gersh v. Anglin*, No. CV 17-50-M-DLC-KLD, 2021 WL 461570, at *4 (D. Mont. Feb. 9, 2021) ("The Court recognizes service by email without written consent of the person served is not sufficient [to] satisfy Rule 5(b)."); *Chodosh v. Saunders,* No. SACV 20-01326-CJC, 2020 WL 7020303, at *4 (C.D. Cal. Nov. 5, 2020) (citing *Davis v. Elec. Arts Inc.* for proposition that *implied*

consent to email service is insufficient); *Wallen v. Teknavo Grp.*, No. 12CV6196MKBSJB, 2019 WL 1435879, at *1, n.3 (E.D.N.Y. Mar. 30, 2019) ("The Court subsequently determined that Defendant had not obtained express consent from Plaintiff for service by electronic means as required by Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. *Martin v. Deutsche Bank Sec. Inc.*, 676 F. App'x 27, 29 (2d Cir. 2017) ("[T]he requisite consent 'must be express, and cannot be implied from conduct.'" (citation omitted))."); *Thomas v. Anderson,* No. 2020 WL 1042517, at *3 (C.D. Ill. Mar. 4, 2020) (precluding Plaintiff from using answers to requests for admission when requests were served by email without written consent); *Tubwell v. Specialized Loan Servicing, LLC*, No. 3:17-CV-15-DMB-RP, 2018 WL 11417595, at *1–2 (N.D. Miss. Aug. 21, 2018) (finding no good cause to enforce discovery requests that were emailed, but not mailed, within the discovery deadline because there must be express consent to electronic service, and the fact that counsel routinely communicated by email should not be construed as a "waiver of service of papers required to be served by the rules in the manner required by the rules."); *Davis v. Elec. Arts Inc.*, No. 10-CV-03328-RS (DMR), 2017 WL 8948082, at *2 (N.D. Cal. Sept. 12, 2017) (finding that service was not properly effected by emailing discovery to defense counsel because there was no express consent to electronic service); *also see Document Requests—Service—E-mail*, 31 No. 9 Fed. Litigator NL 12 (discussing that written consent to electronic service of discovery is required);

    The case that Plaintiff relies upon in support of her estoppel argument is distinguishable from this matter. In *Westlake*, a defendant sought relief under Rule 59(e) from summary judgment in favor of the plaintiff, on the ground that the defendant was not properly served with the motion due to a typographical error in its mailing

4

address on the certificate of service. *Westlake Reed Leskosky v. Hudson Holdings, LLC*, No. 1:20-CV-1751, 2022 WL 1749524, at *1 (N.D. Ohio May 31, 2022). The district court noted that the address on the certificate of service, albeit containing a typographical error, had been used by the plaintiff and the court in the past to successfully communicate with the defendant. *Id.* at *7. Moreover, it appeared to the court that the primary reason the summary judgment motion was not received was because the defendant had stopped accepting *any* mail at the address in dispute, without notifying the court and the adverse party of an address change. *Id.* at *7-*8. The court found that mailing the motion to the address used previously, combined with additional service of the motion on the defendant's principal and registered agent through the court's electronic-filing system and by personal email, were sufficient to constitute proper service. The court acknowledged that "actual notice" of the motion was not a substitute for service under the requirements of Rule 5(b); however, the court pointed out that in certain circumstances where the serving party showed "exceptional good cause," proper service outside of the strict terms of Rule 5(b) had been upheld; for example, when the complaining party had accepted service using that "outside" manner on other occasions. *Id.* at *9. In support of this statement, the district court relied exclusively on a decision from the Middle District of North Carolina, *Salley v. Bd. of Governors, Univ. of N. Carolina, Chapel Hill, N.C.*, 136 F.R.D. 417, 419 (M.D.N.C. 1991). *Salley* involved service of discovery requests by facsimile rather than by mail, the method of service required by Rule 5(b) in 1990 when the discovery was served. The *Salley* court found that service by facsimile did not comply with Rule 5(b). *Id.* However, the court decided that the receiving party had waived its right to insist on service by mail because it had implicitly consented to service by facsimile on prior occasions. *Id.* at 420-21.

5

The undersigned does not find *Salley* to be persuasive here, because *Salley* was decided ten years before Rule 5(b) was amended to require written consent for service "by other electronic means" and to include the advisory committee note explicitly stating that consent could not be implied. Fed. R. Civ. P. 5(b)(2)(E). The analysis in *Salley* is simply inconsistent with the express language of Rule 5(b)(2)(E) and the advisory committee note. Consequently, the portion of the decision in *Westlake* relying on *Salley* is not persuasive either. Furthermore, in *Westlake*, the district court cited to many other reasons for finding service acceptable, including that the defendant's registered agent was served with the Motion through the court's CM/ECF.

Apart from *Westlake*, the majority of cases have strictly applied Rule 5. The Court certainly appreciates Plaintiff's argument that Defendant's newfound reverence for Rule 5 is pure gamesmanship. (ECF No. 154 at 1). As discussed in prior orders and hearings, Defendant has done a poor job of following the Rules of Civil Procedure by asserting unsupported boilerplate objections and delaying discovery in other ways. Nevertheless, regardless of how unfair the result may seem, the Court is constrained to apply the rules that govern this action and cannot imply consent based on Defendant's other conduct in discovery. Moreover, even if the Court were inclined to overlook the written consent requirement of Rule 5(b)(2)(E)—as it is unquestionably outmoded—the Court is without recourse because the discovery deadline has long since expired. *Cf. White*, 2020 WL 6335958, at *2 (E.D.N.C. Oct. 23, 2020) (deeming requests that were served via email served as of the date of entry of the order). Plaintiff's only option, at this point, is to seek an extension of the discovery deadline for the purpose of properly serving these requests.

For the above reasons, the Court **DENIES** Plaintiff's motion to compel. (ECF No. 131). The Clerk is instructed to provide a copy of this Order to counsel of record and any

unrepresented parties.

**ENTERED**: March 11, 2024

_____
Cheryl A. Eifert
United States Magistrate Judge