IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JANE ROE,**

    **Plaintiff,**

v.                                                                               **Case No.: 3:22-cv-00532**

**MARSHALL UNIVERISTY**
**BOARD OF GOVERNORS,**

    **Defendant.**

**<u>MEMORANDUM OPINION AND ORDER SEALING
DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT
OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER
AND ATTACHED EXHIBITS</u>**

      Pending before the Court is Defendant's Motion to File Under Seal, (ECF No. 172), seeking to seal Defendant's Supplemental Reply in Support of Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad Smith and attached Exhibits. The Court notes that the Supplemental Reply contains information that has been designated by the parties to this litigation as "confidential." Due to the confidential nature of this information, and due to the fact that this information is currently being used and disclosed only for purposes of discovery in this action, this Court **GRANTS** Defendant's Motion to File Under Seal and **ORDERS** the Clerk to file Defendant's Supplemental Reply in Support of Defendant's Motion for Protective Order and Exhibits, (ECF No. 172-1 through ECF No. 172-5), under seal. The Motion to Seal itself, (ECF No. 172), should not be sealed.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three-step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302.

In this case, Defendant's Supplemental Reply in Support of Defendant's Motion for Protective Order and attached Exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the nature of the information set forth in the documents—which is information disclosed and used in the discovery process and generally protected from public release—alternatives to wholesale sealing are not feasible at this time. Moreover, the information provided in the Supplemental Reply and attached Exhibits are submitted to the Court for the purpose of resolving a discovery dispute, rather than for disposition of substantive claims in this action. Accordingly, the Court finds that sealing Defendant's Supplemental Reply in Support of Defendant's Motion for Protective Order Concerning Deposition of Marshall University President Brad Smith and attached Exhibits, does not unduly prejudice the public's right to access court documents.

The Clerk is **DIRECTED** to file Defendant's Supplemental Reply in Support of Motion for Protective Order Concerning Deposition of Marshall University President Brad Smith and Exhibits, (ECF Nos. 172-1 through 172-5), under seal.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented parties.

**ENTERED**:  April 4, 2024

Cheryl A. Eifert
United States Magistrate Judge